By the Court.—Truax, J.
The parties hereto entered into a contract in writing for the purchase by the plaintiff from the defendant, and for the sale by the latter to the former, of a plot of land situate in the city of New York. On the day fixed for taking title, the defendant tendered to the plaintiff, and the plaintiff refused to take the full covenant warranty deed required by the contract of sale, and demanded from the defendant the money paid on account of the purchase price of the property, and the expenses incurred in searching the title. The defendant refused to accede to this demand, and thereupon plaintiff brought this action to recover the moneys so paid, and the expenses so incurred as aforesaid.
This court has decided that when a party seeks to dis-affirm and rescind a contract of sale and to recover back the deposit paid on account of the purchase price on the ground of a defective title, he must do more than merely show that the title is doubtful, he must satisfy the court that the title is bad, before he can recover (O’Reilly v. King, 28 How. 408).
The ground of plaintiff’s refusal to take title was that the defendant’s title to the property was not a good one, because of a claim of ownership in certain persons who represented themselves to be the heirs of one Joseph Parks; but the undisputed evidence shows that the defendant and his grantors have been in possession of the property for about thirty years under a claim of title beginning in 1825. There is no testimony opposed to this that tends to show possession in any person other than the defendant or his grantors, and there is no evidence that any third person has any valid claim or lien on the property. On the evidence now before the court, a trial judge would be bound to direct a jury to find that the' defendant was the. owner of the property. In the words of Shriver v. Shriver (86 N. Y. 575), the facts of the case *329 make out a continuous, uninterrupted, actual possession, beginning with an entry under claim of exclusive title, founded on a written instrument and kept up for over twenty years {Code, § 369). A clear adverse possession for that length of time makes a title which a purchaser may not refuse to take (16.)
The verdict of the jury is set aside, and judgment is ordered for defendant, dismissing the complaint, with costs.
Sedgwioic, Oh. J., concurred.